**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cr-00102-TWP-DML-15 |
| ) | |
| STEPHEN D. DUFF (15), ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT DUFF'S MOTION *IN LIMINE* (Dkt. 1633)**

This matter is before the Court on Defendant Stephen D. Duff's ("Mr. Duff") Motion *in Limine* as to Government's Notice Regarding Rule 404(b) Evidence. The Government has given notice that it will present evidence that Bryan Glaze ("Mr. Glaze") and Mr. Duff assaulted Adan Sanchez-Sarmiento ("Mr. Sanchez-Sarmiento") on November 19, 2009, and although Joshua Bowser ("Mr. Bowser") did not participate in the assault Mr. Bowser and Mr. Glaze both pled guilty to this offense. The Government clarified that it would use this evidence to show Mr. Duff's motive for participating in the alleged mail fraud offense; that being, Mr. Duff owed a debt to the Black Region Outlaws Motorcycle Club ("OMC") in the amount of $2,000.00 for Mr. Bowser's legal fees. For the reasons set forth below, Mr. Duff's motion (Dkt. 1633) is **DENIED**.

**I. BACKGROUND**

**A.     Procedural History**

The original indictment in this matter was filed July 3, 2012. On October 12, 2012, a Superseding Indictment was filed, and a Second Superseding Indictment charging forty-nine counts against multiple defendants was filed in this case on July 10, 2013. Mr. Duff is named

has been charged with racketeering acts, mail fraud, and related offenses. The mail fraud charge forms the basis of the racketeering charge and Count II of the Indictment. Mr. Duff is set for trial with co-defendants on September 9, 2013.

**B.     Factual History**

On November 13, 2009, Mr. Sanchez-Sarmiento was assaulted outside of the OMC Clubhouse. The Government alleges that although the assault was carried out by Mr. Glaze and Mr. Duff, Mr. Bowser and Mr. Glaze were charged with and pleaded guilty to the offense. Mr. Bowser incurred legal fees which were advanced by the OMC's Black Region. At that time, Mr. Glaze was the president of the OMC. The Government alleges that Mr. Glaze brokered an agreement between Mr. Duff and Mr. Bowser whereby Mr. Bowser would plead guilty to the assault and Mr. Duff would reimburse the Black Region for Mr. Bowser's legal fees.

The Government alleges that Mr. Duff participated in the mail fraud offense charged herein, in order to obtain reimbursement funds. Specifically, on March 15, 2010, Mr. Duff, Mr. Bowser, and co-defendants were involved in a staged automobile accident in an attempt to obtain money that Mr. Duff could use to reimburse the Black Region. The Government alleges that Mr. Duff did not receive a settlement from the insurance company; therefore, he could not repay the Black Region. Mr. Bowser then traveled to Ohio to collect the payment from Mr. Duff, which was captured during court-authorized wire surveillance.

## II. <u>LEGAL STANDARD</u>

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400(N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved

in context.  *Id*. at 1400-01.  The Court will only exclude evidence on a motion *in limine*, however, if the evidence is *inadmissible* on all potential grounds.  *Id.* (citing *Betts v. City of Chicago*, 784 F.Supp.2d 1020 (N.D.Ill.2011) (internal quotations omitted) (special emphasis added).  Thus, "if the evidence does not satisfy this high standard, the evidentiary ruling must be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *United States v. Griffin*, 2012 WL 5377875, 1 (S.D.Ind.2012) (citing *Hawthorne Partners v. AT & T Technologies, Inc*., 831 F.Supp. 1398.

### III. DISCUSSION

Federal Rule of Evidence 404(b)(1) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Rule 404(b)(2) allows such evidence when it is used for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  The Seventh Circuit has provided a four-part test to be used in 404(b) determinations.  Courts are to consider whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Howard*, 692 F.3d 697, 703 (7th Cir. 2012).

Mr. Duff argues the Government's proffered 404(b) evidence should be excluded for two reasons.  First, it undermines and is a collateral attack on a valid state court judgment.  Second, it fails under the 404(b) four-part test articulated by the Seventh Circuit and described above.

Addressing Mr. Duff's first argument, the Court recognizes his concern.  If the Government wanted to present evidence that Mr. Bowser did not commit the assault on Mr.

Sanchez-Sarmiento to prove the existence of that fact, the Court would be concerned that the evidence could lead to "incongruous results." Dkt. 1794 at 2. However, the Government is not making a collateral attack on Mr. Bowser's plea agreement or the state court judgment, but only seeks to introduce evidence suggesting Mr. Duff committed the assault and it created a motive to engage in the mail fraud scheme. This is not an instance where allowing this evidence would create "two conflicting resolutions arising out of the same or identical transaction." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The use of this evidence has no bearing on the underlying state court judgment. Therefore, the evidence is not inadmissible on this basis.

Second, Mr. Duff argues that the evidence fails the four-part test for admissibility of 404(b) evidence. Specifically, he argues that the evidence is too attenuated to prove motive, is not similar enough to be relevant, is not sufficient to support a jury finding that he committed the assault, and is unfairly prejudicial. As the Government argues in its response, when 404(b) evidence is offered to show motive, similarity is not required. When such evidence is used to establish motive, the Seventh Circuit has instructed that "'[p]ropensity' evidence and 'motive' evidence need not overlap." *United States v. Cunningham*, 103 F.3d 553, 556 (7th Cir. 1996). Such evidence does not overlap when, for example, "past drug convictions are used to show that the defendant in a robbery case is an addict and his addiction is offered as the motive for the robbery." *Id.* Thus, the Court is not persuaded by Mr. Duff's argument that the evidence of a prior violent act is not similar enough to be relevant to the mail fraud scheme. The Court further disagrees that the evidence "offers such little probative value as it applies to motive for committing mail fraud that the only effect this evidence would have on the jury is [to] show that Mr. Duff has a propensity to commit crimes in association with the OMC." Dkt. 1633 at 9. Instead, the Court finds that the proffered evidence is permissible to show that Mr. Duff

possessed a motive to participate in the mail fraud scheme. *See United States v. Kuzlik*, 468 F.3d 972, 974 (7th Cir. 2006) (finding that evidence of financial troubles and debt probative to show motive to engage in fraudulent scheme).

Mr. Duff also challenges the sufficiency of the evidence offered in support of the Government's proffer. The Government argues that witness testimony, wiretap testimony, and consensually recorded telephone conversations involving Mr. Duff will support a jury finding that Mr. Duff committed the assault. At this stage of the litigation, the Court cannot find that this evidence is insufficient.

Finally, Mr. Duff argues the evidence is unfairly prejudicial under the fourth prong of the four-part test. He contends that allowing this evidence would create "hours, possibly days, of testimony regarding a violent crime that occurred three and a half years ago, that has been fully adjudicated in state court." Dkt. 1633 at 13. The Government responds, and the Court agrees, that such a result is unlikely. The assault resulted in only a misdemeanor conviction, it did not involve serious injury to the victim and the Government does not intend to offer the testimony of Mr. Sanchez-Sarmiento. Because the Court is responsible for control of the proceedings, the Court can limit the presentation of evidence in this regard to avoid undue delay, waste of time or needless presentation of cumulative evidence. Federal Rule of Evidence 403 allows exclusion of even relevant evidence based on undue delay or waste of time and Federal Rule of Evidence 611 directs the Court to control the presentation of evidence to "avoid needless consumption of time."

Although the proffered evidence is that Mr. Duff committed a violent act, it is not being offered to show a propensity to commit other violent acts or other crimes. As the Government noted in their brief, the "Court can cure any prejudicial impact arising from the evidence by an

admonishment and jury instruction indicating that the jury should consider evidence of [Mr.] Duff's assault upon [Mr.] Sanchez-Sarmiento only to show his motive to commit the mail fraud crime, and not as evidence of [Mr.] Duff's bad character." Dkt. 1771 at 7.

## IV. **CONCLUSION**

Accordingly, Mr. Duff's Motion *in Limine* (Dkt. 1633) is **DENIED**. The Court reiterates that its decision is preliminary. If the parties wish to renew any arguments as the trial unfolds, they are free to approach the bench and do so. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (emphasizing that an order either granting or denying a motion *in limine* is "a preliminary decision . . . subject to change based upon the court's exposure to the evidence at trial").

**SO ORDERED**.

Date: 08/08/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Brad Blackington
UNITED STATES ATTORNEY'S OFFICE
bradley.blackington@usdoj.gov

Doris Pryor
UNITED STATES ATTORNEY'S OFFICE
doris.pryor@usdoj.gov

Anthony B. Ratliff
DONINGER TUOHY & BAILEY LLP
aratliff@dtblegal.com

Thomas A. Brodnik
DONINGER TUOHY & BAILEY LLP
tbrodnik@dtblegal.com